UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN NAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-03766-JMS-TAB |
| | ) |
| SANFORD, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT &
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

John Naylor, an inmate at Pendleton Correctional Facility (Pendleton), has sued Officer Sanford for violating his First Amendment rights by retaliating against him. Mr. Naylor alleges that in response to his Prison Rape Elimination Act (PREA) complaint about sexual harassment perpetrated by another inmate, Officer Sandford had him placed in administrative segregation. Defendant Sanford moved for summary judgment. Dkt. 22. In response, Mr. Naylor also moved for summary judgment. Dkt. 25. Defendant Sanford responded. Dkt. 27. Mr. Naylor did not reply and the time to do so has passed. The motions are ripe for review. For the reasons explained below, the defendant's motion for summary judgment, dkt [22], is **granted** and the plaintiff's motion for summary judgment, dkt. [25], is **denied**.

**I. Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). On summary judgment, a party must show the Court

what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

When reviewing cross-motions for summary judgment, all reasonable inferences are drawn in favor of the party against whom the motion at issue was made. *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018) (citing *Tripp v. Scholz*, 872 F.3d 857, 862 (7th Cir. 2017)). The existence of cross-motions for summary judgment does not imply that there are no genuine issues of material fact. *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Engineers, Local Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003).

The Court cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). However, if the non-movant's evidence is "merely colorable" or "not significantly probative," then there is no genuine issue for trial and summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

**II. Undisputed Facts**

The following statement of facts was evaluated pursuant to the standard set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to the non-moving party with respect to each motion for summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

As a preliminary matter, the Court must address Mr. Naylor's motion for summary judgment. He makes several factual assertions in his brief, dkt. 26, but he has failed to provide admissible evidence to support those factual allegations.

"Admissibility is the threshold question because a court may consider only admissible evidence in assessing a motion for summary judgment." *Gunville v. Walker*, 583 F.3d 979, 985

(7th Cir. 2009). An unsworn pleading that is not signed under the penalty of perjury is inadmissible for purposes of defeating a motion for summary judgment. *See Owens v. Hinsley*, 635 F.3d 950, 954-55 (7th Cir. 2011) (noting that a verified response in opposition to motion for summary judgment was admissible even though it was not an affidavit because "a declaration under [28 U.S.C.] § 1746 is equivalent to an affidavit for purposes of summary judgment"); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (concluding that a "verified response constitutes competent evidence to rebut the defendants' motion for summary judgment").

Because Mr. Naylor has not verified his motion nor supported it with an affidavit, the Court will not consider the factual allegations contained therein. This ruling is consistent with the requirement in Local Rule 56-1(e) that each fact asserted must be supported with a citation to admissible evidence. *See* S.D. Ind. Local Rule 56-1(e).

Mr. Naylor did submit an affidavit with his complaint. The affidavit makes the following factual allegations which the Court will consider for the purposes of deciding the pending motions for summary judgment:

> While in R-cellhouse Officer Sanford visited staff. There was some sexually charged conversation with staff. Staff told I. I. Officer Sanford Cliff Elswick's lies and that the plaintiff was furious about it. Previously when asking if I. I. Sanford spoke to Cliff Elswick Officer Sanford replied "I talked to him first."
>
> When staff asked officer Sanford why he accepted this version of events and why 'he's doing this to Naylor?' I. I. Officer Sanford replied "He made me ask a lot of embarrassing questions." And laughed. Reffering [sic] to his prea investigation. This was an act of retaliation. He'd later went on about Naylor's lawsuits against Lt. Williams in a 2017 case. Lt. Williams was a former I. A. officer who was fired.

Dkt. 1-3.

4

The following additional facts are supported by documents that are admissible in evidence and maintained by Pendleton Correctional Facility.

On or about April 24, 2018, Mr. Naylor submitted a request for interview, alleging that another inmate with known gang affiliations had been sexually harassing him. Dkt. 22-1; dkt. 22-6. Mr. Naylor was moved into protective custody on May 10, 2018. Dkt. 22-2; dkt. 22-6. He signed a protective custody waiver on May 16, 2018. Dkt. 22-3. His housing assignment was reviewed on May 11, 2018, May 14, 2018, May 21, 2018, June 4, 2018, June 11, 2018, June 18, 2018, and again on June 25, 2018, at which time he was officially placed in administrative restrictive status housing (ARSH). Dkt. 22-4.

Mr. Naylor submitted a classification appeal on July 5, 2018, which was denied on July 11, 2018. Dkt. 22-5 at 1. Mr. Naylor's housing assignment was reviewed on September 27, 2018, and it was decided that Mr. Naylor should remain in ARSH. *Id*. at 2. Mr. Naylor submitted another classification appeal on October 4, 2018. He argued that he was okay, could take care of himself, and would let the administration know if there was a serious issue. *Id*. The appeal was denied on October 24, 2018. *Id*. Mr. Naylor's housing assignment was again reviewed on December 28, 2018, and it was decided that Mr. Naylor should remain in ARSH until he could safely be reintroduced to the prison population. Dkt. 22-6. The prison official who conducted the December 2018 review noted that Mr. Naylor was placed on ARSH "due to a past PREA monitoring case." *Id*. Mr. Naylor was removed from ARSH on April 3, 2019. Dkt. 22-7.

### III. Discussion

The Complaint alleges that Officer Sanford retaliated against Mr. Naylor by placing him in administrative restrictive housing after Mr. Naylor filed a PREA complaint. Officer Sanford

argues that he is entitled to summary judgment because Mr. Naylor cannot show that Officer Sanford retaliated against him and even if he did, Mr. Naylor did not suffer a deprivation that would likely deter future First Amendment activity.

"To prevail on a First Amendment retaliation claim, a plaintiff must establish three elements. First, he must show he engaged in protected First Amendment activity. Second, he must show an adverse action was taken against him. Third, he must show his protected conduct was at least a motivating factor of the adverse action." *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).

First, there is no dispute that Mr. Naylor engaged in activity protected by the First Amendment. "A prisoner has a First Amendment right to make grievances about conditions of confinement," *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010), and to file lawsuits, *McKinley v. Schoenbeck*, 731 F. App'x 511, 515 (7th Cir. 2018) (*citing Babcock v. White*, 102 F.3d 267, 276 (7th Cir. 1996)). A request for interview that reports sexual harassment from another inmate is protected by the First Amendment.

As to the second element, Mr. Naylor's transfer to administrative segregation was not sufficiently adverse to support a retaliation claim. "The standard for determining whether an action is sufficiently adverse to constitute retaliation is well established: it must be 'likely [to] deter a person of ordinary firmness from continuing to engage in protected activity.'" *Holleman*, 951 F.3d at 880 (quoting *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011)). This is an objective standard. *Id.*

Placement in administrative segregation can satisfy the adverse action element of a retaliation claim. *McKinley*, 731 F. App'x at 514 (7th Cir. 2018) (citing *Babcock*, 102 F.3d at 275). But in Mr. Naylor's case, no reasonable fact finder could conclude that transfer to administrative segregation after complaining about sexual harassment by a known gang member was adverse. Such a move would not deter a person of ordinary firmness from continuing to report sexual harassment.

But even assuming the transfer to administrative segregation was sufficiently adverse to satisfy the second element of his claim, Mr. Naylor has failed to show that the transfer was based on a retaliatory motive. The Seventh Circuit has held that, "a transfer initiated to punish a prisoner for engaging in protected activity would satisfy the causation element of retaliation, but a transfer initiated as a rational, justifiable response to the substance of the prisoner's complaint would not." *Holleman*, 951 F.3d at 879. That is the case here. It was appropriate for prison officials to transfer Mr. Naylor to administrative segregation for his protection while they investigated his claims that he had been harassed by a known gang member. This is true even if Officer Sanford was personally motivated to retaliate against Mr. Naylor because Mr. Naylor's PREA complaint required Officer Sanford to ask embarrassing questions, as Mr. Naylor attested to in his affidavit. Dkt. 1-3.

In this case, putting the alleged harasser in administrative segregation pending an investigation would not have ensured Mr. Naylor's safety. Mr. Naylor would have remained at risk of assault from other members of the gang. Although it was Mr. Naylor's opinion that he was not in imminent danger, prison officials were "entitled to disagree." *Id*. at 880. This Court follows the Supreme Court's instruction to afford "appropriate deference and flexibility to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory."

*Babcock*, 102 F. 3d at 275 (quoting *Pratt v. Rowland*, 65 F. 3d 802, 807 (9th Cir. 1995) (internal quotation marks omitted)).

Reviewing the facts in the light most favorable to Mr. Naylor, they do not support a finding that his move to administrative segregation was "motivated by the *fact* that he engaged in protected activity rather than the *substance* of his complaints." *Holleman*, 951 F.3d at 880. For these reasons, the defendant is entitled to summary judgment.

## IV. Conclusion

The defendant is entitled to judgment as a matter of law. The defendant's motion for summary judgment, dkt. [22], is **granted** and the plaintiff's motion for summary judgment, dkt. [25], is **denied.** Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 2/10/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JOHN NAYLOR
128761
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Sarah Jean Shores
INDIANA OFFICE OF THE ATTORNEY GENERAL
sarah.shores@atg.in.gov

Brandon Alan Skates
INDIANA ATTORNEY GENERAL
brandon.skates@atg.in.gov

Mollie Ann Slinker
INDIANA ATTORNEY GENERAL
mollie.slinker@atg.in.gov